IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **Tracey Eudaley,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:24-CV-00017-SNLJ |
| **Paul Hopkins, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM and ORDER**

This matter comes before the Court on defendants' Motion to Dismiss. [Doc. 14.]

**I. Factual Background**

Plaintiff, who is *pro se*, is a former medical technologist at the United States Department of Veterans Affairs (VA) John J. Pershing facility in Poplar Bluff, Missouri, where she worked from at least 2018 until 2023. She filed the present claim on February 5, 2024 against the VA and its employees Paul Hopkins, Ryan Wells, Ashley Lepold, Angela Smith, Ryan Maddox, and Brenda Norden. [Doc. 1.] Her complaint sets forth two causes of action: (1) a Federal Tort Claims Act (FTCA) claim, and (2) a First Amendment claim. *Id.* at 3.

Plaintiff makes the following allegations: beginning in 2018 she was exposed to mold at the VA facility where she worked, and this exposure caused her injury. At least one VA employee threateningly told her to not investigate the matter further. Eventually,

plaintiff was contacted by a media source to be interviewed about the mold in the VA facility; in response, a VA employee threatened her with termination if she agreed to the interview. [Doc. 1 at 5.]

On August 16, 2021, plaintiff filed a Workers' Compensation claim under the Federal Employees' Compensation Act (FECA) with the Department of Labor's Office of Workers' Compensation Programs (OWCP), alleging physical injuries resulting from mold exposure, [Doc. 14-1], which claim was accepted by the OWCP, [Doc. 14-2.] Plaintiff claims that certain individuals made "false statements in [her] workmen's [sic] compensation claim to deny [her] benefits," and that she was unable to receive compensation for her time out of work. [Doc. 1 at 6.]

Subsequent to her filing the Workers' Compensation claim, plaintiff filed an FTCA claim with the VA for mold exposure injuries. [Doc. 14-3.] The VA denied that claim, stating that the FECA Act provided the exclusive remedy for plaintiff's alleged injuries. [Doc. 1 at 10.]

Defendants filed the present motion on April 26, 2024 arguing that all counts against them should be dismissed.

**II. Applicable Law**

The standard for ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is set forth in the Supreme Court case *Ashcroft v. Iqbal*:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.

556 U.S. 662, 678 (2009) (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The typical means of evaluating dismissal of a case is upon review of a motion from one of the parties. However, courts are permitted to issue a *sua sponte* dismissal in limited circumstances. In particular, a court may issue a *sua sponte* dismissal "'when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint.'" *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)). Additionally, Federal Rule of Civil Procedure 12(h)(3) demands that a court dismiss an action if it determines—at any time during the proceedings—that it lacks subject-matter jurisdiction over the claim(s).

### III. Analysis

The Court will evaluate each of plaintiff's claims in turn to determine if any should be dismissed.

#### A. Mold Exposure Claims

Plaintiff brings a claim under the FTCA alleging that she was injured because of mold exposure in the VA facility where she worked. This claim will be dismissed because it is preempted by the FECA. "The FECA explicitly provides that it is the exclusive remedy for a federal employee injured on the job." *Griffin v. United States*, 703 F.2d 321, 321 (8th Cir. 1983) (citing 5 U.S.C. § 8116(c)). "[C]ourts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."

3

*Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991).  It is evident that plaintiff alleges her mold exposure injuries stem from on-the-job exposure.  [Doc. 1 at 5.]; [Doc. 14-1.]  As noted, plaintiff already filed a FECA claim with the OWCP, and that claim was accepted.  [Doc. 1-3.]  And plaintiff herself twice admits that that FECA claim is "identical" to the FTCA claim in this case as it relates to mold exposure.  [Doc. 19 at 6]; [Doc. 22 at 3].  She cannot twice recover for the same injuries.  This Court has no jurisdiction to hear such a claim.

Plaintiff's FTCA claim as it relates to mold exposure injuries will be dismissed for the separate reason that such claim is barred by the relevant statute of limitations.  A tort claim under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C.A. § 2401(b).  According to plaintiff's Workers' Compensation claim, she first became aware of her alleged mold exposure injuries on October 1, 2018.  [Doc. 14-1.]  Because more than two years passed between plaintiff's discovery of the existence of this potential claim and presentation to the appropriate federal agency, her claim for injuries related to such mold exposure under the FTCA is barred.

Accordingly, plaintiff's FTCA claim as it relates to mold exposure injuries is dismissed.

### B. False Statements and Leave Buy Back Claims

Plaintiff also seeks relief (ostensibly under the FTCA) because she claims certain individuals made false statements with respect to her Workers' Compensation claim, and she was unable to participate in "leave buy back," the process of receiving compensation

4

for days of work lost due to injury, from her Workers' Compensation claim. [Doc. 1 at 6.] As an initial note, plaintiff claims it was "Terresa Ruby-Stewart, Pamela Davis, and Edwina Dickerson" who made false statements with respect to her Workers' Compensation claim; none of these individuals is named as a defendant in this case. *Id.* It is thus not obvious whether plaintiff is even alleging that any of the named defendants harmed her by making false statements in her Workers' Compensation claim.

Nonetheless, plaintiff's FTCA claim as it relates to such allegations must be dismissed. In reality, these allegations are mere extensions of plaintiff's Workers' Compensation mold exposure claim as discussed in Section III.A. Plaintiff's allegations of false statements and prohibition to participate in leave buy back are—respectively— allegations of procedural and remuneratory deficiency *within the Workers' Compensation claim itself*. And because—as explained in Section III.A—this Court has no jurisdiction over such claim, plaintiff's allegations in this regard must be dismissed.

The Court furthermore agrees with defendants in their briefing:

> [Plaintiff] cannot use the FTCA to supplement or as leverage to obtain compensation greater than the amount the Secretary awarded – even if the Secretary determined that the FECA applies, but [plaintiff] is not entitled to compensation. If [plaintiff] believes that she is entitled to greater compensation, she may exercise the appeal rights afforded her under the FECA, but she cannot use the FTCA as an alternative funding source.

[Doc. 20 at 2–3.] This Court accordingly instructs plaintiff that, if she wishes to seek recourse for alleged injuries stemming from deficiencies in her Workers' Compensation claim, the proper avenue is to pursue available appeals within the Workers' Compensation system, not a separate cause of action in this forum.

### C. Workplace Threatening or Harassment Claims

Plaintiff further claims she is entitled to relief because of certain actions taken by VA employees against her. Specifically, she claims defendants Brenda Norden and Ashley Lepold told her not to look at black mold particles under a microscope, and that defendant Ryan Wells threatened her with termination if she agreed to participate in a media interview about mold in the VA facility. [Doc. 1 at 5.] Plaintiff does not state clearly in her complaint or in briefing whether she is bringing this claim under the FTCA or the First Amendment. The Court will thus consider both theories of relief in turn.

### 1. Possible FTCA Claim

If plaintiff brings this claim under the FTCA, it must be dismissed with respect to defendant Wells' alleged conduct because such claim is preempted by the Civil Service Reform Act (CSRA). "The CSRA 'established a comprehensive system for reviewing personnel action taken against federal employees.'" *Elgin v. Dep't of the Treasury*, 567 U.S. 1, 5 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)); *cf. Swartz v. IRS*, 884 F.2d 1128, 1129 (8th Cir. 1989) (holding that the CSRA "provides a comprehensive scheme for review of federal personnel actions").

Furthermore, at the time of the relevant alleged conduct, plaintiff was employed by the Veterans Health Administration as a medical technologist, [Doc. 19 at 2], and the CSRA applies specifically to medical technologists, 5 U.S.C.S. § 7511(b)(10); 38 U.S.C.S. § 7401(3). Plaintiff contends that the CSRA does not preempt her claim because she is currently retired. [Doc. 19 at 2, 7–8.] This argument is unconvincing. Beyond running afoul of the meaning of the text of the CSRA, plaintiff's interpretation—

if correct—would create absurd implications for the application of the CSRA more broadly. The CSRA explicitly provides for protections against wrongful termination; for such provisions to have any effect, they must be afforded to individuals who are no longer employed by a federal agency. 5 U.S.C. § 7512(1). The fact that plaintiff is now retired does not change the fact that plaintiff alleges defendants' conduct occurred while she was a federal employee. The Court thus finds that plaintiff being retired does not exempt her claim from the umbrella of the CSRA.

Additionally, the text of the CSRA similarly includes in its list of "prohibited personnel practices" taking or threatening to take a "personnel action" against employees for disclosing abuse of authority, violations of rules, or substantial or specific dangers to public health or safety. 5 U.S.C.S. § 2302(b)(8)(A)(ii). "Personnel actions" include "disciplinary or corrective action" and any "significant change in duties, responsibilities, or working conditions." 5 U.S.C.S. § 2302(a)(2)(A). Defendant Ryan Wells' alleged conduct of threatening plaintiff with termination for speaking to the media about mold exposure in the VA laboratory clearly falls under this category. Consequently, plaintiff's claim against her under the FTCA is preempted by the CSRA.

However, it is less clear whether the alleged conduct of defendants Brenda Norden or Ashley Lepold falls under the CSRA. This is because it is not entirely clear what exactly defendants Norden and Lepold are accused of doing. In her complaint, plaintiff states that "Brenda Norden told [her] she had better not catch [her] looking at the black substance under the microscope…," and that "Ashley Lepold…threatened [her] by telling [her she] better not ever look at the substance under the microscope again." [Doc. 1 at 5.]

7

Plaintiff does not even explicitly state that defendant Norden threatened her at all; but even if Norden's alleged conduct is interpreted as a threat, plaintiff does not clarify with what consequence Norden and Lepold threatened her.  *Id.*

One interpretation of plaintiff's allegation against defendants Norden and Lepold is that it is essentially the same as her allegation against defendant Wells, namely that they threatened her with termination or disciplinary action for disclosing mold exposure to the media.  This interpretation is supported by plaintiff's briefing where she accuses multiple employees of such conduct: "the VA employee*s* threatened to remove [plaintiff] from service if she discussed mold allegations in the VA's laboratory with the media." [Doc. 22 at 4] (emphasis added).  If this is the nature of her allegation against Norden and Lepold, such a claim would be preempted by the CSRA for the same reasons explicated with respect to defendant Wells, *supra*.  Such a claim under this theory must accordingly be dismissed.

The other interpretation of plaintiff's allegation against defendants Norden and Lepold is that those defendants harassed her at her workplace, but did not threaten her with disciplinary action.  This interpretation is supported by plaintiff's briefing where she claims she suffered emotional trauma at the hands of unspecified defendants' threats against her.  [Doc. 19 at 1, 5.]  Such a claim might plausibly be a basis for relief under the FTCA, under a theory of intentional infliction of emotional distress.

However, under either interpretation of plaintiff's allegations against Norden and Lepold, such a claim (as well as the claim against Wells) must be dismissed because plaintiff failed to exhaust her administrative remedies.  The FTCA "provides that an

8

'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). To have exhausted administrative remedies, a claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…" 28 U.S.C. § 2675(a). "Exhaustion of [administrative] remedies is a jurisdictional prerequisite to the maintenance of an action under the Federal Tort Claims Act." *Celestine v. Veterans Admin. Hospital*, 746 F.2d 1360, 1362 (8th Cir. 1984). Plaintiff has not satisfied these requirements.

As already noted, plaintiff submitted an FTCA claim to the Department of Veterans Affairs in 2023. [Doc. 14-3.] However, that claim made no mention of defendants' alleged threatening or harassing conduct. *Id.* Plaintiff has presented no evidence or allegation of any other FTCA claim presented to a federal agency. Accordingly, she has not exhausted her administrative remedies under the FTCA with respect to threatening or harassing conduct of defendants. The Court recognizes that defendants did not specifically raise an administrative remedies argument in their briefing, however "'it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint,'" because it is clear she has not exhausted such remedies. *Murphy*, 960 F.2d at 748 (quoting *Smith*, 945 F.2d at 1043). Consequently, having found the Court has no jurisdiction to hear this claim, the Court legitimately dismisses on this basis.

9

The Court also notes that the statute of limitations may have run on an FTCA claim against defendants Wells, Norden, and Lepold for threatening or harassing conduct. As noted *supra*, a tort claim under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C.A. § 2401(b).  Plaintiff's complaint states the following:

> In September 2021, [Angela] Smith informed me that the VA could always send the laboratory tests across town to the Regional Hospital and didn't even need a laboratory at the VA.  She advised against doing the interview.  Within 15 minutes, Ryan Wells…came down and stopped in Andrea Osborn's office and asked her three questions concerning my employment….  He then moved in to [sic] my work area and informed me that if I went through with an interview that I would be terminated or cause a reduction in force (RIF).

[Doc. 1 at 5.]

Though not explicitly stated, it appears from plaintiff's complaint that defendant Wells' alleged conduct occurred in September 2021, which was more than two years ago. If so, the statute of limitations for an FTCA claim on that basis has run.  Plaintiff's complaint does not tie Norden's or Lepold's conduct to a particular date (though it does detail their alleged conduct before it details Wells' alleged conduct), but if plaintiff alleges their conduct occurred over two years ago, an FTCA claim against those defendants would be similarly barred by the statute of limitations.

Having found that the CSRA preempts an FTCA claim against Wells, and that plaintiff failed to exhaust her administrative remedies with respect to the claims against Wells, Norden, and Lepold, plaintiff's FTCA claims on these bases must be dismissed.

### 2. Possible First Amendment Claim

If plaintiff brings this claim under the First Amendment, such a claim similarly fails. With respect to defendant Wells' alleged conduct (and defendant Norden and Lepold's conduct if they are alleged to have threatened plaintiff with termination or disciplinary action), such a claim would be preempted by the CSRA for the same reasons explicated in Section III.C.1, *supra*.

But regardless of the specific nature of the allegation, such a claim must be dismissed because this Court does not recognize a cognizable cause of action on the basis of First Amendment injury. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court held that, in certain circumstances, a cause of action exists for violations of certain constitutional rights by federal agents. 403 U.S. 388 (1971). However, "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022); *cf. Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) ("The [Supreme] Court has expressly stated it has not extended *Bivens* to First Amendment claims."). Plaintiff has no right to bring such a claim under the First Amendment. Any claim to that effect is accordingly dismissed.

## IV. Conclusion

This Court has examined each of plaintiff's allegations detailed in her complaint and concluded that she has stated no claims upon which relief can be granted. Consequently, all of her claims—and this entire action—are dismissed.

Accordingly,

11

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for alternate service of process [Doc. 11] and defendants' motion to substitute party [Doc. 16] are **DENIED** as moot.

**IT IS FINALLY ORDERED** that, in accordance with the reasoning set forth in this memorandum, this case is **DISMISSED**.

Dated this 22nd day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE